Vacated by Supreme Court, January 14, 2008

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-4835

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DEXTER THEATRA THOMAS,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham. N. Carlton Tilley, Jr., Chief District Judge. (CR-05-26)

Submitted: June 22, 2006               Decided: June 26, 2006

Before NIEMEYER, MICHAEL, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

John J. Korzen, Kernersville, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Sandra J. Hairston, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Dextra Theatra Thomas pled guilty, pursuant to a written plea agreement, to one count of distributing crack cocaine, in violation of 21 U.S.C. § 841(a)(1) (2000). Thomas was sentenced following the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005). The district court applied the holding of Booker and sentenced Thomas to 270 months imprisonment. On appeal, Thomas claims that he was sentenced in violation of Booker because his sentence was unreasonable and the district court failed to fully account for all the factors enumerated in 18 U.S.C. § 3553(a) (2000). We affirm.

After the Supreme Court's decision in Booker, a sentencing court is no longer bound by the range prescribed by the sentencing guidelines. See United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005). However, in determining a sentence post-Booker, sentencing courts are still required to calculate and consider the applicable guideline range as well as the factors set forth in 18 U.S.C.A. § 3553(a) (West 2000& Supp. 2006). Id. If the sentence imposed is within the properly calculated guideline range, it is presumptively reasonable. United States v. Green, 436 F.3d 449, 456 (4th Cir.), cert. denied, 74 U.S.L.W. 3654 (U.S. May 22, 2006) (No. 05-10474).

Thomas' sentence was both within the guideline range of 262-327 months and within the statutory maximum of life

imprisonment.  <u>See</u> 21 U.S.C. § 841(b) (2000).  Because the district court appropriately treated the guidelines as advisory, and properly calculated and considered the guideline range and the relevant § 3553(a) factors, we find the sentence reasonable.  <u>See</u> <u>United States v. Eura</u>, 440 F.3d 625, 632 (4th Cir. 2006) (holding that, to establish reasonableness of a sentence, a district court need not explicitly discuss every § 3553(a) factor on the record).  Accordingly, we affirm Thomas' sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>